# Exhibit "D"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

92 THIRD STREET, LLC,

Plaintiff,

-against -

COWORKRS 3RD STREET LLC,

Defendant.

Index No. 508728 /22

STIPULATION OF
SETTLEMENT

WHEREAS, plaintiff 92 THIRD STREET, LLC ("Plaintiff") is the owner of the

building located at 68-80 Third Street, Brooklyn, New York 11231 ("Building"), and is the

landlord of the commercial premises known as a Portion of Cellar, a Portion of First Floor

and a Portion of Second Floor in the Building, as set forth in Exhibit A hereto

("Premises");

WHEREAS, defendant COWORKRS 3RD STREET LLC ("Coworkrs") is the tenant

of the Premises pursuant to a certain lease dated October 16, 2014, between the Plaintiff's

predecessor, as landlord, and Coworkrs, as tenant, as thereafter modified by that certain

First Lease Modification Agreement dated as of July 9, 2015, as assigned by Plaintiff's

predecessor to Plaintiff by Assignment and Assumption of Leases dated July 8, 2015, for a

term commencing as of June 1, 2015 and expiring on May 31, 2025 (the "Lease");

WHEREAS, nonparty ELIE EITSCH ("Deitsch") is a guarantor of the Lease

pursuant to a guaranty dated October 6, 2014 ("Deitsch Guaranty");

WHEREAS, nonparty SHLOMO SILBER is a guarantor of the Lease pursuant to a

guaranty dated as of February 1, 2022 ("Silber Guaranty");

WHEREAS, Plaintiff served Coworkrs with a Notice to Cure Default dated February 8, 2022 advising Coworkrs that it was in default under the Lease in the payment to Plaintiff of Minimum Rent and Additional Rent, as those terms are defined in the Lease, for the period January 2017 through February 2022, in the aggregate sum of $3,977,778.66 ("Arrears"), consisting of (i) Minimum Rent arrears of $2,640,172.62, (ii) Additional Rent in the form of real estate tax charges of $355,252.56, and (iii) security deposit replenishment of $982,353.48;

WHEREAS, Plaintiff commenced this action against Defendant seeking, *inter alia,* a judgment in ejectment and a money judgment for the Arrears against Coworkrs based upon Coworkrs' defaults, as set forth above, in paying the Arrears, and Plaintiff's concomitant entitlement under the Lease to terminate the Lease based upon such defaults; and

WHEREAS, the parties have agreed to settle this action upon the terms set forth below.

Now, therefore, in consideration of the premises and the mutual covenants hereinafter set forth, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto hereby agree as follows:

1.     Defendant hereby appears by its undersigned counsel, submits to the personal jurisdiction of this Court, admits the allegations set forth in Plaintiff's Complaint, submit to the jurisdiction of this Court for all purposes, including the enforcement of this Stipulation, and agrees that this Stipulation is to be submitted to the Court to be "So Ordered."

2

2.     Defendant agrees that for purposes of this Stipulation, all predicate notices required to have been served by Plaintiff in order to terminate and cancel the Lease prior to the commencement of this action were timely and properly served as required by the Lease. Accordingly, Defendant agrees that (i) as of March 2ˇ4, 2022, Coworkrs' status is that of holdover tenant in occupancy of the Premises after the termination and cancellation of its Lease, (ii) any claims concerning the sufficiency and timeliness of any such predicate notice are forever waived by Defendant, and (iii) the Lease shall be deemed terminated as of March 2ˇ4, 2022 notwithstanding any contrary date or dates that may have been included or referenced in any notice served on Coworkrs with respect to its defaults as set forth above.

3.     Based upon the termination of Coworkrs' lease and Coworkrs' continuing occupancy and possession of the Premises despite such termination, and subject to the remaining provisions of this Stipulation, Coworkrs is obligated to peacefully vacate and surrender possession of the Premises, and all keys thereto in its possession, within five (5) days after service by Plaintiff or its undersigned counsel upon Coworkrs by email to edeitsch@bondcollective.com and shlomo@bondcollective.com and upon its undersigned counsel by email to tovia@jclawllp.com of a notice to vacate ("Vacate Notice"). In that regard, Defendant hereby consents to the issuance of a judgment by the Court ("Judgment"), in the form annexed hereto as Exhibit B (subject to the Court's modifications, if any, thereto), (i) empowering and authorizing the New York City Marshal or the New York City Sheriff, and their deputies or other representatives, as the case may be, upon Plaintiff's tender to the New York City Marshal or the New York City Sheriff, as

3

the case may be, of a certified copy of the Judgment, to use such force as is necessary to remove and evict Coworkrs and all occupants from the Premises, to wit, a Portion of Cellar, a Portion of First Floor and a Portion of Second Floor in the Building located at 68-80 Third Street, Brooklyn, New York 11231, as set forth in Exhibit A hereto, and to place Plaintiff into possession of the Premises, to wit, a Portion of Cellar, a Portion of First Floor and a Portion of Second Floor in the Building located at 68-80 Third Street, Brooklyn, New York 11231, as set forth in Exhibit A hereto, should Coworkrs not timely vacate and surrender possession of the Premises after service by Plaintiff of the Vacate Notice, and (ii) in the alternative, empowering and authorizing Plaintiff to utilize self-help, change the locks to the Premises, and thereby obtain possession of the Premises should Coworkrs not timely vacate and surrender possession of the Premises after service by Plaintiff of the Vacate Notice, with the utilization of such self-help remedy having the same force and effect as if the New York City Marshal or the New York City Sherriff had placed Plaintiff into possession of the Premises.

4. Service by Plaintiff of the Vacate Notice is hereby stayed from the date hereof through May 31, 2025 ("Stay Period") pending strict compliance by Coworkrs with the terms of this Stipulation, including, without limitation, the payment schedules set forth below with respect to the Arrears, as well as Minimum U&O and Additional U&O, as those terms are defined below. It is further agreed that the terms of the Lease not otherwise inconsistent with the terms of this Stipulation shall apply to and govern Coworkrs' possession and use and occupancy of the Premises during the Stay Period, including (i) the obligation to execute and return to Plaintiff an estoppel certificate upon Plaintiff's request

4

in such form as may be required by Plaintiff, and (ii) the obligation to remain in possession of the Premises throughout what would have been the full term of the Lease provided Coworkrs is not in default of the terms and conditions of this Stipulation, but that application of such Lease terms to possession and occupancy of the Premises by Coworkrs during the Stay Period shall not constitute a revival of Coworkrs' Lease and tenancy in and to the Premises, or a waiver by Plaintiff of its rights hereunder, during the Stay Period.

5.    In that regard, it is agreed that Coworkrs is obligated to make minimum use and occupancy payments to Plaintiff ("Minimum U&O") to Plaintiff with respect to the Premises on or before the twentieth (20th) day of each month during the Stay Period which shall mirror the Minimum Rent payments required by the Lease, except as modified, as follows:

    a.    For the month of March 2022, the sum of $88,023.58;

    b.    For the period of April 2022 through May 2022, the monthly sum of $114,430.65;

    c.    For the month of June 2022 the sum of $114,464.19;

    d.    For the period of July 2022 through September 2022, the monthly sum of $132,074.93;

    e.    For the period of October 2022 through December 2022, the monthly sum of $176,099.91;

    f.    For the period of January 2023 through May 2023, the monthly sum of $216,955.48;

    g.    For the month of June 2023, the sum of $217,009.82;

    h.    For the period of July 2023 through May 2024, the monthly sum of $229,446.41; and

5

          i.     For the period of June 2024 through May 2025, the monthly sum of $229,502.41.

6.     In addition to such Minimum U&O payments, Coworkrs is obligated to make payment of additional use and occupancy payments ("Additional U&O") which shall mirror the Additional Rent payments required by the Lease, except that with respect to the Additional Rent payment for real estate tax charges as required by Paragraphs 41 and 46 of the Lease, (i) all bills and statements concerning the calculation and amount of such real estate tax charges shall be deemed sufficiently given if sent by email to Coworkrs to edeitsch@bondcollective.com and shlomo@bondcollective.com ("Tax Notice"), and (ii) payment of such real estate tax charges during the Stay Period shall be due within twenty (20) days of Coworkrs' receipt of the Tax Notice. It is agreed that on condition that Coworkrs strictly abides by its obligations hereunder, and for purposes of calculating the real estate tax charges due throughout the Stay Period, the Building's base real estate tax charge for calculation of the real estate tax charges due commencing with the 2022/2023 tax year shall be deemed to be the sum of $175,000.00. It is further agreed that the Arrears includes all real estate tax charges due through the 2021/2022 tax year.

7.     Invoices for Minimum U&O and Additional U&O due pursuant to this Stipulation shall be deemed sufficiently given to Coworkrs if sent by email to edeitsch@bondcollective.com and shlomo@bondcollective.com. Late fees and interest applicable to late payments of Minimum Rent and Additional Rent under the Lease shall equally apply to any payments of Minimum U&O and Additional U&O paid after the dates for such payments as required hereunder, respectively, and shall be paid to Plaintiff within

6

ten (10) days of receipt by Coworkrs of an invoice therefor from Plaintiff by email to
edeitsch@bondcollective.com and shlomo@bondcollective.com.

8.      In addition to the payments of Minimum U&O and Additional U&O due
hereunder, Coworkrs shall make payment of $10,420.81 to Plaintiff simultaneously upon
execution of this Stipulation in partial satisfaction of the Arrears.

9.      Plaintiff shall not be required to send a bill, invoice or any other reminder
for the Arrears payments due as provided in Paragraph 8 above. All payments received
from Coworkrs during the Stay Period in excess of the monthly Minimum U&O and
Additional U&O due pursuant to this Stipulation, shall be applied to future Minimum
U&O and Additional U&O due pursuant to this Stipulation. **TIME IS OF THE
ESSENCE** with respect to all payments required hereunder to be made by Coworkrs.

10.     On condition that all payments required of Coworkrs pursuant to this
Stipulation are timely made, Plaintiff shall be deemed to have waived the balance of the
Arrears ("Arrears Balance").

11.     Should Coworkrs default in complying with any of its obligations hereunder,
whether monetary, as set forth above, or nonmonetary as provided by the terms of the
Lease and applicable during the Stay Period, as set forth above, and should Coworkrs fail
to cure (i) any such monetary default within ten (10) days of written notice of such default
delivered to Coworkrs by email to edeitsch@bondcollective.com and
shlomo@bondcollective.com, and upon its undersigned counsel by email to
tovia@jclawllp.com, or (ii) any nonmonetary default within thirty (30) days of written
notice of such default delivered to Coworkrs by email to edeitsch@bondcollective.com

7

and shlomo@bondcollective.com, and upon its undersigned counsel by email to
tovia@jclawllp.com, unless such nonmonetary default is incapable of being cured during
such thirty (30) day period, in which case Coworkrs must diligently begin the process of
curing such nonmonetary default during such thirty (30) day period, and then continue to
diligently pursue the cure of such default after the expiration of such thirty (30) day
period, failing which (a) Plaintiff shall have the right to serve the Vacate Notice and
thereafter immediately execute upon the Judgment as set forth above, (b) in the event the
Judgment is not issued by the Court, Plaintiff shall nonetheless have the absolute right to
serve the Vacate Notice and, should Coworkrs not timely vacate and surrender possession
of the Premises after service by Plaintiff of the Vacate Notice, utilize self-help, change the
locks to the Premises, and thereby obtain possession of the Premises, with the utilization
of such self-help remedy having the same force and effect as if the New York City
Marshal or the New York City Sheriff had placed Plaintiff into possession of the
Premises, (c) Plaintiff's waiver of the Arrears Balance shall be deemed null and void, (d)
the base real estate tax amount to be used for purposes of calculating the real estate tax
escalation charges shall be $127,555.56, (e) all payment obligations under (x) this
Stipulation and (y) the Lease to the extent they differ from Coworkrs' payment obligations
as provided by this Stipulation, shall be deemed accelerated to the date of default, and
Defendant shall be liable for the immediate payment to Plaintiff of all such sums, and (f)
notwithstanding any other remedy to which Plaintiff is entitled under the Lease and this
Stipulation, Plaintiff shall have the right to the immediate entry of a money judgment
against Coworkrs in the sum of $4,027,778.66 representing the Arrears and $50,000.00 in

8

legal fees incurred by Plaintiff resulting from Coworkrs' default under the Lease, with interest thereon from March 1, 2022, upon the filing of an affidavit by Plaintiff with the Clerk of the Court pursuant to CPLR 3215(i) as to Coworkrs' failure to comply with the terms of this Stipulation, together with a copy of the complaint or a concise statement of the facts on which the claim was based. Plaintiff does not hereby waive any of its rights under the Lease, the Deitsch Guaranty and/or the Silber Guaranty in the event of Coworkrs' default hereunder and/or its eviction, ejectment, vacatur or surrender of the Premises prior to what would have been the end of the Lease term, and Plaintiff shall be entitled to exercise all rights and remedies under this Stipulation of Settlement and the Lease against Coworkrs, and may bring an action under the Deitsch Guaranty and/or the Silber Guaranty against Deitsch and/or Silber based upon Coworkrs' default hereunder and/or its eviction, vacatur or surrender of the Premises prior to what would have been the end of the Lease term.

12.    Upon Coworkrs' peaceful surrender of possession of the Premises, or its eviction therefrom by any means as provided herein, any and all personal belongings, property, furnishings or installations remaining in the Premises after such surrender or eviction shall be deemed abandoned by Coworkrs, and may be discarded by Plaintiff at Coworkrs' expense and without liability to Coworkrs.

13.    The laws of the State of New York (without reference to the principles of conflicts of law thereof) will govern the interpretation and enforcement of this Stipulation. Any action relating to or arising out of this Stipulation shall be brought only before this Court.

9

14. This Stipulation constitutes the entire agreement between Plaintiff and Defendant relating to the settlement of this action, supersedes any and all prior oral or written agreements or understandings between Plaintiff and Defendant regarding the same subject matter of this Stipulation, and may not be modified except by a writing signed by the parties hereto. No waiver or consent of any rights or obligations hereunder may be enforced or deemed effective unless such waiver or consent shall be in writing and signed by the party against whom enforcement thereof is sought.

15. In the event that any provision of this Stipulation, as applied to any party or to any circumstance, shall be adjudged by a Court to be void, unenforceable or inoperative as a matter of law, then the same shall in no way affect any other provision of this Stipulation, the application of such provision in any other circumstance or with respect to any other party, or the validity or enforceability of this Stipulation as a whole.

16. Plaintiff and Defendant represent and warrant that they have the full power and authority to enter into this Stipulation and to consummate the transaction contemplated herein, and that the persons executing this Stipulation on behalf of Plaintiff and Defendant possess the authority to do so.

17. This Stipulation shall be binding upon and inure to the benefit of Plaintiff and Defendant, as well as their respective heirs, executors, administrators, successors, and permitted assigns. Neither Plaintiff nor Defendant shall assign their rights or obligations hereunder to any other person or entity, other than to a successor to their respective property interests, without prior written consent of the other party hereto.

10

18. Plaintiff and Defendant represent and warrant that they have retained their undersigned counsel to represent them in connection with the execution of this Stipulation. Plaintiff and Defendant each represents and warrants that each has consulted with their respective undersigned counsel with respect to the preparation, negotiation and execution of this Stipulation.

19. This Stipulation is a product of negotiation between Plaintiff and Defendant. As such, none of its terms shall be construed against the other as "the draftsman" or "preparer" of this Stipulation.

20. If any party hereto breaches any of the terms of this Stipulation, and if the non-breaching party is forced to incur legal fees as a result of enforcing this Stipulation against the breaching party, the non-breaching party shall be entitled to recover its reasonable legal fees, costs and expenses from the breaching party that the non-breaching party incurs in connection with such enforcement.

21. Unless otherwise provided herein, should any party hereto deem it necessary to provide notice to another party hereto regarding the terms of this Stipulation, such notice shall be given by any nationally-recognized overnight delivery service, including, but not limited to, the United States Postal Service Priority Express Mail and Federal Express Overnight Delivery Service, to the following:

*If to Plaintiff:*

92 THIRD STREET, LLC
c/o Samson Management LLC
118-35 Queens Blvd., Suite 1710
Forest Hills, NY 11375

11

With a copy by email to Howard Grun, Esq. at hgrun@kfpgllp.com

> *If to Defendant:*
>
> COWORKRS 3RD STREET LLC
> 68 Third Street
> Brooklyn, New York 11231
>
> ELIE DEITSCH
> 736 Bryant Street
> Woodmere NY 11598
>
> SHLOMO SILBER
> 82 Copley Avenue
> Teaneck NJ 07666

With a copy by email to Tovia Jakubowitz, Esq. at tovia@jclawllp.com. Any of the parties

hereto may change the address(es) and/or person(s) designated to receive notice by sending

written notice of the change to the other parties in the manner set forth above. Notice

hereunder shall be deemed served upon the next business day following the date such

notice is sent.

22.    This Stipulation may be executed in multiple counterparts, each of which

shall be deemed to be an original, and all of which together shall be deemed to be one

and the same Stipulation. A fully-executed copy of this Stipulation, including PDF or

electronic signatures thereon, shall be as effective and enforceable as a fully-executed

original of the Stipulation.

23.    This Court shall retain jurisdiction over this action so that Plaintiff or

Defendant may apply to the Court for appropriate relief in the event of a dispute between

them as to enforcement of the terms of this Stipulation or the compliance therewith by one

of the parties hereto.

12

24.     This Stipulation shall be e-filed with the Court and submitted for "so

ordering" by the Court by Plaintiff, but it shall be deemed effective and binding upon

the parties upon execution thereof, whether or not "so ordered" by the Court.

Dated: New York, New York
       March 28, 2022

92 Third Street, LLC                          Coworkers 3rd Street LLC,
Plaintiff                                     Defendant

By:     New 45 West 45th Street LLC,    By:   _____
        Sole Member                           Elie Deitsch,
                                               Managing Member

By:    Goldstein Advisors, LLC, Manager

By:    _____
       David Kershner
       Management Committee Designee


Kaufman Friedman Plotnicki & Grun, LLP        Tovia Jakubowitz, Esq.
Attorneys for Plaintiff                       Attorney for Defendant.
300 East 42nd Street – 10th Floor             3019 Avenue J
New York, New York 10017                      Brooklyn, New York 11210
(212) 973-3330                                (347) 230-6622

By:    _____        By:    _____
       Howard Grun, Esq.                      Tovia Jakubowitz, Esq.
       hgrun@kfpgllp.com                      tovia@jclawllp.com

                                                                    4/29/22

                                              HON. CAROLYN E. WADE
                                              JUSTICE OF THE SUPREME COURT

2022 MAY 13 AM 9:48

FILED
KINGS COUNTY CLERK

                                     13

# EXHIBIT A



THE DEMISED PREMISES IS SHOWN WITH THE HATCHED LINES

Cellar

EXHIBIT A
(PAGE 1 of 3)



1st Floor

EXHIBIT A

(PAGE 2 of 3)

2nd Floor

EXHIBIT A

(PAGE 3 of 3)