**BLANK ROME LLP**
1271 Avenue of the Americas
New York, NY 10020
Tel:    212-885-5000
Fax:    212-885-5001
Ira L. Herman
Evan J. Zucker
Mara B. Levin

**KAUFMAN FRIEDMAN  PLOTNICKI & GRUN, LLP**
Howard Grun, Esq.
300 East 42nd Street- 10th Floor
New York, New York 10017
Phone: (212) 973-3330
hgrun@kfpgllp.com

*Co-Counsel for 92 Third Street, LLC*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| COWORKRS 3RD STREET LLC d/b/a BOND GOWANUS, | Case No. 23-44306 (ESS) |
| Debtor. | Adv. Pro. No.: 23-01113-ESS |
| COWORKRS 3RD STREET LLC d/b/a BOND GOWANUS, | Hearing Date: December 5, 2023 2:00 p.m. |
| Plaintiff, | |
| -against- | |
| 92 THIRD STREET LLC, OREN RICHLAND, DEARBORN CAPITAL GROUP LLC, INNOVO WORKS 92 THIRD STREET LLC, and INNOVO WORKS LLC, | |
| Defendants. | |

I, Gregory Haye, make this declaration under 28 U.S.C. § 1746 (the "Declaration"):

1. I am employed by Samson Management LLC ("Samson") as the individual property manager for the building located at 68-80 Third Street, Brooklyn, New York 11231 ("Building") which is owned by 92 3rd Street LLC ("Owner"). Samson manages the Building on behalf of Owner. I am fully familiar with the facts and circumstances set forth below. This Declaration is respectfully submitted on Owner's behalf in opposition to the application of Coworkrs 3rd Street LLC d/b/a Bond Gowanus ("Bond") for an order granting it a temporary restraining order, a permanent injunction, and related relief in conjunction with an adversary proceeding it has commenced in this Bankruptcy Proceeding.

2. On Tuesday November 21, 2023, at approximately 2:45 a.m., I arrived at the Building where I met three security guards employed by Excel Security Services, the Building's superintendent Nick Marsic, his assistant Michael Cadet, and three technicians employed by SOS Intercom and Locksmiths. The security firm was retained by Samson on behalf of the Building's owner to secure the Building while locks to the premises which Bond had previously leased from Owner ("Premises") were changed and possession of the premises returned to Owner pursuant to the terms of the Stipulation and Judgment, as those terms have been defined in the accompanying Declaration of David Kershner.

3. With the assistance of the above personnel, the security personnel were deployed to all entry/exit doors in the Building, and the locks to all key entrance and exit doors to the Building, including and the doors that serve as the main entrances to the

Premises, were changed. In addition, the video surveillance system was deactivated, along with the independent key access system and related key FOBs, and a limited number of new Key FOBs were activated for Building management and Owner use only. This process proceeded smoothly, as the Building was not occupied at the time.

4. At approximately 7:00 a.m., I met with Oren Richland of Innovo Works 92 Third Street LLC ("Innovo"), the new tenant of the Premises, and provided him with several copies of the new keys for the Premises entry/exit doors. By approximately 10:00 a.m., I instructed the security guards to vacate their posts, as possession of the Premises had been peaceably provided to Innovo. I left the Building at approximately 10:30 a.m. At approximately 11:45 a.m., I returned to the Building, as I was informed that a Bond employee had appeared at the Building and began accusing Innovo of trespassing. I explained to the Bond employee that Owner exercised its self-help rights under the Stipulation and Judgment, and that Innovo was the new tenant of the Premises. Although the Bond employee threatened to call the police, he never did, and by 2:00 p.m. the Bond employee left without incident.

5. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed this 4th day of December, 2023.

_____
Gregory Haye