# Exhibit "A"

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
In re:                                                    Chapter 11

      COWORKRS 3RD STREET LLC                        Case No.: 23-44306-ess
      *dba* BOND GOWANUS,


                        Debtor.
--------------------------------------------------------------X
COWORKRS 3RD STREET LLC
*dba* BOND BOWANUS


                        Plaintiff,        Adv. Pro.: 23-01113-ess

     - against –


92 THIRD STREET LLC,
OREN RICHLAND,
DEARBORN CAPITAL GROUP LLC,
INNOVO WORKS 92 THIRD STREET LLC,
and INNOVO WORKS LLC,


                       Defendants.
--------------------------------------------------------------X

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Settlement Agreement") is made by and between CoWorkrs 3rd Street LLC *dba* Bond Gowanus (incorrectly referred to as "Bond Bowanus" in the caption), the plaintiff and debtor and debtor in possession (the "Debtor"), CoWorkrs LLC d/b/a Bond Collective a/k/a Bond Collective LLC ("Bond Collective"); 92 Third Street LLC ("92 Third Street"), Oren Richland ("Oren"), Dearborn Capital Group LLC ("Dearborn"), Innovo Works 92 Third Street LLC ("Innovo 92") and Innovo Works LLC ("Innovo"; 92 Third Street, Oren, Dearborn and Innovo 92 collectively, the "Defendants" and the Defendants and the Debtor collectively, the "Parties" and each individually as a "Party").

## RECITALS

**WHEREAS**, on November 27, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York, at Brooklyn (the "Bankruptcy Court"); and

**WHEREAS**, the Debtor continues to operate its business and manage its property (solely to the extent of its legal and equitable interests, if any, as they existed on the Filing Date), as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, and no trustee, examiner or committee has been appointed in this case; and

**WHEREAS**, the Debtor represents that it is a wholly owned subsidiary of Bond Collective; and

**WHEREAS**, the Debtor previously was the tenant under that certain non-residential lease (the "<u>Bond Lease</u>") between the Debtor, as tenant, and 92 Third Street, as landlord, of the premises consisting of a portion of the cellar, a portion of the first floor and a portion of the second floor (collectively, the "<u>Demised Premises</u>") in the building located at 68-80 Third Street Brooklyn, New York 11231 (the "<u>Building</u>"); and

**WHEREAS,** the Debtor previously was the licensee under that certain License Agreement (the "<u>Bond License Agreement</u>") between the Debtor, as licensee, and 92 Third Street, as licensor, of the premises consisting of a portion of the second floor of the Building (the "<u>Licensed Premises</u>"); and

**WHEREAS**, the Bond Lease was terminated effective March 24, 2022  pursuant to (i) a Stipulation of Settlement dated March 28, 2022, so- ordered on April 29, 2022 by the Supreme Court of the State of New York, County of Kings (Wade, J.S.C.), and filed in the Kings County Clerk's Office on May 13, 2022 (the "<u>Court-Ordered Stipulation</u>") <u>in that certain action titled *92 Third Street, LLC v. Coworkrs 3rd Street LLC*, Index No. 508728/22, and (ii) a Judgment issued by such Court dated April 29, 2022 and filed in the Kings County Clerk's Office on May 16, 2022 (the "Judgment"</u>); and

**WHEREAS,** 92 Third Street alleges that on or about November 21, 2023: (i) it used self-help to regain possession of the Demised Premises and the Licensed Premises from the Debtor as authorized by the Court-Ordered Stipulation, the Judgment, and the Bond License Agreement; and (ii) it authorized Innovo 92 to occupy the Demised Premises and the Licensed Premises; and

**WHEREAS,** the Debtor alleges that 92 Third Street failed to legally obtain possession of the Demised Premises and/or the Licensed Premises (the "<u>Possession Dispute</u>"); and

**WHEREAS,** on or about November 16, 2023, 92 Third Street, as landlord, and Innovo 92, as tenant, entered into that certain Lease for the Demised Premises (the "<u>Innovo Lease</u>") as well as that certain License Agreement for the Licensed Premises (the "<u>Innovo License Agreement</u>") which lease is being held in escrow; and

**WHEREAS,** 92 Third Street is holding the Innovo Lease and Innovo License Agreement in escrow pursuant to the terms of such agreements; and

**WHEREAS**, on November 30, 2023, the Debtor commenced the above-captioned adversary proceeding (the "<u>Adversary Proceeding</u>") by filing a complaint (the "<u>Complaint</u>") against the Defendants and applied for the entry of a temporary restraining order by the Bankruptcy Court (the "<u>TRO</u>"); and

**WHEREAS**, 92 Third Street filed a written objection to the Debtor's application for a TRO, and the remaining Defendants raised oral objections to the Debtor's application for a TRO;

and

**WHEREAS**, prior to the Bankruptcy Court's ruling on the Debtor's application for a TRO and/or the Debtor serving the Complaint, the Parties negotiated at arms' length and reached this Settlement Agreement, subject to the Bankruptcy Court's approval, resolving the Parties' claims against each other as set forth herein.

**NOW, THEREFORE**, in consideration of the recitals aforesaid and the mutual covenants herein contained, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

<u>**AGREEMENT**</u>

1. <u>**Settlement Provisions**</u>.

i. The Debtor and Innovo 92 acknowledge that Innovo 92 relinquished control of the Demised Premises and the Licensed Premises, to the Debtor, on a without prejudice basis to any of the Parties, including by delivering all keys, access cards, keypad passcodes and the like, effective as of December 20, 2023.

ii. Upon the entry of an Order by the Bankruptcy Court, which order is no longer subject to appeal or a motion to reargue or renew, approving the terms contained within this Settlement Agreement (the "<u>Approval Order</u>"): (a) the Debtor shall reimburse Innovo 92 for its expenses related to the use and operation of the Demised Premises and the Licensed Premises in the amount of $3851.79 (by wire transfer of such sum to Innovo's undersigned attorneys); (b) Innovo 92 shall be permitted to retain $26541.84that it previously collected from the occupants of the Demised Premises and the Licensed Premises, free and clear of any claims by the Debtor, 92 Third Street and/or any Party, except Innovo shall be responsible for all expenses set forth on Schedule 1(ii) hereto; (c) the General Releases annexed as Exhibits A and B hereto shall be deemed to be delivered to each party set forth therein; and (d) each individual or entity that executed a General Release annexed as Exhibits A and B hereto shall execute and deliver to the attorneys for the releasees under each such General Release a new General Release (in the same form as previously executed by such individual or entity) executed as of the date of the Approval Order, and delivered no later than five (5) days after the date of the Approval Order. For the sake of clarity, the Parties agree that the General Releases annexed hereto are of no force and/or effect unless and until the entry of the Approval Order;

iii. Subject only to the entry of the Approval Order, Dearborn and Bond Collective (both on their own behalf and on behalf of their respective members, officers, directors, affiliates, subsidiaries and agents) agree that the Non-Disclosure Agreements and Letters of Intent annexed as Exhibit C hereto (which Dearborn and Bond Collective acknowledge and agree are the only Non-Disclosure Agreements and Letters of Intent between them or any of their affiliates relating to the Demised Premises or the Licensed Premises) shall be deemed to be null, void and of no further force and/or effect, except that neither Innovo, Innovo 92, Oren nor any of their respective

agents, affiliates, subsidiaries, or employees shall have any dealings with any landlord of either the Debtor, Bond Collective or Bond Collective's subsidiaries with respect to the leases set forth on Exhibit D hereto (collectively, the "Existing Leases"). The aforesaid prohibition shall terminate with respect to a landlord of any such Existing Lease (a) if the tenant named under any such Existing Lease, and/or such tenant's successors and/or assigns, is adjudicated to be in default thereunder by a court of competent jurisdiction and/or (b) at such time as such tenant and/or its successors and/or assigns no longer occupies the subject space.  For the sake of clarity, Innovo, Innovo 92, Oren or any of their agents, subsidiaries, or employees may engage in conversations, negotiations and any other matters with any such landlord with respect to any matter at any time including but not limited to the use and occupancy of any other premises, including but not limited to any premises occupied by the Debtor, Bond Collective or Bond Collective's subsidiaries, provided such premises is not subject to one of the Existing Leases.

iv.    Subject only to the entry of the Approval Order, (a) 92 Third Street and Innovo 92 each hereby agree that the Innovo Lease, the Innovo License Agreement and the Guaranty of the Innovo Lease, executed by Rachel Cohen and Michael Silberberg, each of which are currently held in escrow by 92 Third Street pending resolution of the Possession Dispute, shall be deemed to be irrevocably terminated and cancelled, *ab initio*, and deemed to be null, void and of no further force and/or effect; (b) all parties to the Innovo Lease, the Innovo License Agreement and the Guaranty shall be deemed to have released one another as set forth in the releases in Exhibits E and F, which shall be deemed delivered to each party set forth therein; and (c) each individual or entity that executed a General Release annexed as Exhibits E and F hereto shall execute and deliver to the attorneys for the releasees under each such General Release a new General Release (in the same form as previously executed by such individual or entity) executed as of the date of the Approval Order, and delivered no later than five (5) days after the date of the Approval Order..  For the sake of clarity, (i) the Parties agree that the General Releases annexed as Exhibits E and F hereto are of no force and/or effect unless and until the entry of the Approval Order; and (ii) 92 Third Street agrees that the termination of the Innovo Lease, the Innovo License Agreement and the Guaranty is not conditioned on the New Lease (as hereinafter defined) becoming effective.

v.    The Debtor and 92 Third Street have entered into the lease attached hereto as Exhibit F (the "New Lease"), it being understood that the New Lease shall be effective and delivered only upon (a) entry of the Approval Order, and (b) the delivery of a $375,000 irrevocable letter of credit, in form and substance acceptable to 92 Third Street, as required by the New Lease ("Letter of Credit").

vi.    Within two (2) business days of entry of the Approval Order, with time being of the essence, the Debtor shall pay 92 Third Street the sum of  Fifty ($50,000) Thousand dollars for its counsel fees and expenses (the "Legal Fees") by wire transfer to 92 Third Street. An additional amount of $25,000.00 shall be due and payable in the same manner six (6) months from the date of this Stipulation.

vii.     Simultaneously with the filing by the Debtor of a motion seeking entry of the Approval Order, the Debtor shall make payments to 92 Third Street for use and occupancy, as follows: (a)  base rent for March 2024 of $126,984.33, plus Real Estate Taxes of $9,759.08 together with past due use and occupancy charges of $3,213.67.  On April 1, 2024, the Debtor shall pay use and occupancy for the month of April 2024 to 92 Third Street, as follows: $126,984.33, plus Real Estate Tax of $9,759.08.    For the avoidance of doubt, (a) Innovo 92, Rachel Cohen and Michael Silberberg shall not be liable for any rent, additional rent, licenses fees, and/or use and occupancy or other charges due and owing (or allegedly due and owing) to 92 Third Street for such, or any other period of time (including, but not limited to from and after the date that the Innovo Lease, the Innovo License Agreement and the Guaranty were delivered into escrow), except for any expenses set forth in Schedule 1(ii) hereto,  (b) the payment of use and occupancy under this provision does not create a landlord/tenant relationship or create any other rights in favor of the Debtor.

viii.     On and after the first day of the calendar month after the date on which the New Lease is effective and has been delivered, rent shall be payable under the New Lease and the terms of the New Lease shall govern.

ix.     In the event the Debtor fails to (a) deliver the aforesaid Letter of Credit to 92 Third Street on or before April 30, 2024 (the "Extension Period"), and (b) timely pay the Legal Fees (each and every of the aforementioned payments individually, a "Default"),  the Debtor shall have no further right to use and occupy the Demised Premises or the Licensed Premises and shall be deemed to have surrendered legal possession of, and all rights, title or interest in such premises to 92 Third  Street, as of the date of any such Default, without 92 Third Street being required to take any other or further action to effect such surrender and turnover.  For avoidance of doubt (a) 92 Third Street may, but shall not be required, to engage in self-help (in the manner and as fully authorized by the Court-Ordered Stipulation and the Judgment) on and after the expiration of the Extension Period to give effect to the surrender of the Demised Premises and the Licensed Premises (including, for the avoidance of doubt, the personal and other property located therein) contemplated hereby, (b) Debtor, and/or any party acting or purporting to act on behalf of the Debtor or in the Debtor's interest, shall not seek a stay or any similar relief to prevent the surrender and turnover of the Demised Premises and the Licensed Premises from the Bankruptcy Court or any other court upon the expiration of the Extension Period; and (c) the Innovo Lease, the Innovo License Agreement and the Guaranty shall **not** be revived nor be deemed to be of any force and effect.

x.     Subject to the entry of the Approval Order, the Debtor and Bond Collective (both on their own behalf and on behalf of their respective members, officers, directors, affiliates, subsidiaries and agents, including, but not limited to CoWorkrs 55 Broadway LLC) acknowledge and agree that they have no right, title and/or interest in and to the name "Innovo", "Innovo Works", "Innovo Works 92 Third Street LLC", "Innovo Works 55 Broadway LLC" and/or any other similar names and/or derivations thereof, and the Defendants may use those names, and/or any other similar names and/or derivations thereof with respect to the creation and/or use and

operation of shared office spaces in any location whatsoever, including, but not limited to in locations presently or hereinafter occupied by the Debtor, Bond Collective and/or their respective members, officers, directors, affiliates, subsidiaries and agents, including, but not limited to CoWorkrs 55 Broadway LLC).

      xi.    Upon entry of the Approval Order, the Adversary Proceeding shall be deemed to be and hereby is withdawn or dismissed with prejudice.

2.    **Court Approval.**  The terms of the settlement contained within this Settlement Agreement are subject to Bankruptcy Court approval as may be required pursuant to the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the E.D.N.Y. Local Bankruptcy Rules. The Debtor agrees to file such stipulations, dismissals and motions to compromise as required by the Bankruptcy Court and to obtain any such approvals.

3.    **Denial by Court And Interim Agreement While Litigation is Pending.**  Should the Approval Order not be entered by May 6, 2024 then, other than this Paragraph 3 and Paragraph 4 which shall be in full force and effect:

      i.    (a) this Settlement Agreement shall be null and void, shall not be admissible in any court proceeding for any purpose, and the agreement or the fact that the Parties entered into the Settlement Agreement shall not constitute evidence of the truth of any of the Parties' allegations or the admissibility of any evidence that may be offered by the Parties in any court proceeding, (b) the Parties shall be free to resume or commence litigation, and (c) until entry of an order of the Court authorizing relief as shall be appropriate under the circumstances with regard to the Demised Premises and Licensed Premises or resolving the disputes among the Parties, the Debtor shall continue to operate the Demised Premises.

      ii.    Upon entry of a Court order approving this Paragraph 3 and Paragraph 4 alone, in the event the Debtor (a) fails to pay the Past Due Use and Occupancy Payments and the February Use and Occupancy Payment, or (b) fails to timely pay any monthly Use and Occupancy Payment thereafter (but in no event later than the fifth of each month), as applicable (each of (a) and (b), a Default), the Debtor shall have no further right to use and occupy the Demised Premises or the Licensed Premises and shall be deemed to have surrendered legal possession of, and all rights, title or interest in such premises to 92 Third Street (including, for the avoidance of doubt, the personal and other property located therein), as of the date of any such Default, without 92 Third Street being required to take any other or further action to effect such surrender and turnover. For avoidance of doubt (a) 92 Third Street may, but shall not be required, to engage in self-help (in the manner and as fully authorized by the Court-Ordered Stipulation and the Judgment) upon either such Default to give effect to the surrender of the Demised Premises and the Licensed Premises contemplated hereby, and (b) Debtor, and/or any party acting or purporting to act on behalf of the Debtor or in the Debtor's

interest, shall not seek a stay or any similar relief to prevent the surrender and turnover of the Demised Premises and the Licensed Premises from the Bankruptcy Court or any other court. The payment of use and occupancy under this provision does not create a landlord/tenant relationship or create any other rights, legal or equitable, in favor of the Debtor.

iii.     Innovo 92, Rachel Cohen and Michael Silberberg shall not be liable for any rent and/or use and occupancy or other amounts due and owing to 92 Third Street under the preceding paragraph.

iv.     For avoidance of doubt, the Parties shall be bound by this paragraph of this Settlement Agreement, which paragraph may be approved by the Court independently as an interim settlement among the Parties, upon the failure of the Court to timely approve this Settlement Agreement.

v.     Nothing in this paragraph shall prejudice any of the rights and remedies of the Parties except as expressly set forth herein, all of which rights and remedies are expressly preserved.

4.     **Effective Date.**  The 14-day stay of 6004(h) is hereby waived.

5.     **Proof of Claim.**  The Defendants shall not be required to file any proofs of claim in this case. Any and all proofs of claim filed by or on behalf of the Defendants (of which there are none) shall be deemed null and void and expunged for purposes of distribution by the Debtor.

6.     **Fees and Costs.**  Each of the Parties to this Settlement Agreement agree to bear their own costs and expenses, including attorneys' fees arising out of the matters raised in this Settlement Agreement, except as set forth herein.

7.     **Modifications to the Settlement Agreement.**  This Settlement Agreement shall not be modified, altered, amended or vacated without the prior written consent of the Parties. Any such modification, alteration, amendment or variation in whole or in part shall be in writing and subject to approval of the Bankruptcy Court. Any motion or application brought before the Bankruptcy Court to resolve any dispute arising or related to this Settlement Agreement shall be brought on proper notice in accordance with the relevant Bankruptcy Rules and the Local Rules of the Bankruptcy Court.

8.     **Counterparts.**  This Settlement Agreement may be executed in any number of counterparts by the Parties on different counterpart signature pages, all of which taken together shall constitute one and the same agreement. Any of the Parties may execute this Settlement Agreement by signing any such counterpart and each of such counterparts shall for all purposes be deemed an original. This Settlement Agreement may be executed by electronic signature or by facsimile and/or e-mail which shall have the same force and effect as an original signature.

9.     **Language Construed as Jointly Drafted by the Parties.**  The Parties agree that each of them has had a full opportunity to participate in the drafting of this Settlement Agreement

and, accordingly, any claimed ambiguity shall be construed neither for nor against either of the Parties.

10.    **Entire Agreement.**  Prior agreements, understandings, or discussions, both written and oral, among the Parties in respect to the resolution recited herein, are merged into this Settlement Agreement. This Settlement Agreement is the entire agreement among the Parties and supersedes all other of the subject matter hereof.

11.    **Successors and Assigns.**  This Settlement Agreement shall be binding upon and inure to the benefit of the Parties hereto, and their respective executors, heirs, successors and assigns.

12.    **Further Assurances.**  From time to time, upon request, the Parties will, without further consideration and/or being required to incur any cost and/or expense, promptly execute, deliver, acknowledge and file all such further documents agreements, certificates and instruments and to do such further acts as the persons or entities entitled to the benefit of this Settlement Agreement may reasonably require to evidence or effectuate the transactions contemplated by this Settlement Agreement.

13.    **Illegality.**  If any provision of this Settlement Agreement is held to be illegal, void or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision in this Settlement Agreement, unless the continued enforceability of this Settlement Agreement without the inclusion of the offending provision would be contrary to the Parties intent in entering into this Settlement Agreement. Notwithstanding the foregoing, upon any finding by any court of competent jurisdiction that any release provided for in this Settlement Agreement is illegal, void or unenforceable, each of the Parties agree, promptly upon the request of the other Party hereto, to execute a release that is legal and enforceable.

14.    **Governing Law/Jurisdiction.**    EXCEPT TO THE EXTENT (IF ANY) GOVERNED BY THE BANKRUPTCY CODE, THE SETTLEMENT AGREEMENT AND THE RIGHTS AND DUTIES OF THE PARTIES HEREUNDER SHALL BE GOVERNED BY AND CONSTRUED, ENFORCED AND PERFORMED IN ACCORDANCE WITH THE LAW OF THE STATE OF NEW YORK WITHOUT GIVING EFFECT TO PRINCIPLES OF CONFLICTS OF LAWS THAT WOULD REQUIRE THE APPLICATION OF LAWS OF ANOTHER JURISDICTION.  THE BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF NEW YORK SHALL RETAIN JURIDICTION AND HAVE THE EXCLUSIVE JURISDICTION TO ENFORCE THE TERMS OF THIS SETTLEMENT AGREEMENT AND ANY CLAIMS ARISING OUT OF OR RELATED IN ANY MANNER TO THIS SETTLEMENT AGREEMENT SHALL BE BROUGHT ONLY BEFORE THE BANKRUPTCY COURT AND THE PARTIES CONSENT TO SUCH JURISICTION AND TO THE BANKRUPTCY COURT'S AUTHORITY TO HEAR AND DETERMINE ALL SUCH CLAIMS AS A CORE PROCEEDING AND TO ENTER A FINAL ORDER WITH RESPECT TO ANY SUCH DISPUTE.

15.    **No Admission of Liability.**  This Settlement Agreement is in compromise of disputed claims between the Parties and shall not be construed as an admission of liability by the

Parties or by any of their respective present or former directors, officers, employees or agents, which such liability is expressly denied.  All communications (whether oral or in writing) between and/or among the Parties, their respective counsel and/or other respective representatives relating to, concerning or in connection with this Settlement Agreement, or the matters covered hereby and thereby, shall be governed and protected in accordance with the Federal Rule of Evidence 408 and all other similar rules and laws to the fullest extent permitted by law, and no Party hereto shall seek to admit this Settlement Agreement into evidence against any other party hereto, except in an action to enforce or interpret the terms of this Settlement Agreement.

16. **Acknowledgment of the Parties.** Each of the Parties acknowledges that: (i) they have relied on their own independent investigation, and have not relied on any information or representations furnished by any other Party or any representative or agent thereof in determining whether or not to enter into this Settlement Agreement (other than the representations set forth in this Settlement Agreement); (ii) they have conducted their own due diligence in connection therewith, as well as undertaken the opportunity to review information, ask questions and receive satisfactory answers concerning the terms and conditions of this Settlement Agreement; and (iii) they possess the knowledge, experience and sophistication to allow them to fully evaluate and accept the merits and risks of entering into the transactions contemplated by this Settlement Agreement.

17. **Authorization.**  The person executing this Settlement Agreement on behalf of each respective Party warrants and represents that she or he is authorized and empowered to execute and deliver this Settlement Agreement on behalf of such Party.

IN WITNESS WHEREOF, the Parties hereto have executed and delivered this Settlement Agreement as of the date and year below written.

Dated: February 6, 2024          CoWorkrs 3rd Street LLC
New York, New York               dba Bond Gowanus


                                 By: *s/David Goldwasser*



Dated: February 6, 2024          CoWorkrs LLC
New York, New York               dba Bond Collective


                                 By: *s/David Goldwasser*



Dated: February 6, 2024          92 Third Street LLC
New York, New York

By: *s/David Goldwasser*

Dated: February 6, 2024                     Innovo Works LLC
New York, New York

                                                    By:        *s/Michael Sibererg*

                                                    Michael Silberberg

Dated: February 6, 2024                     Innovo Works 92 Third Street LLC
New York, New York

                                                    By:        *s/Michael Sibererg*

                                                    Michael Silberberg

Dated: February 6, 2024                     Dearborn Capital Group LLC
New York, New York

                                                    By:        s/*Oren Richland*

                                                    Oren Richland

Dated: February 6, 2024
New York, New York                          *s/ Oren Richland*

                                                    Oren Richland

Dated: February 6, 2024                     Law Offices of Avrum J. Rosen, PLLC
        Huntington, New York                Counsel to CoWorkrs 3rd Street LLC
                                            dba Bond Gowanus and CoWorkrs LLC
                                            d/b/a Bond Collective

                                            By:     *s/Avrum J. Rosen*

                                                    Avrum J. Rosen, Esq.
                                                    Alex E. Tsionis, Esq.
                                                    Nico G. Pizzo, Esq.
                                                    38 New Street

Huntington, NY 11743
Telephone: (631) 423-8527
Email: arosen@ajrlawny.com
       atsionis@ajrlawny.com
       npizzo@ajrlawny.com


Dated: February 6, 2024          Blank Rome LLP
       New York, New York        Counsel to 92 Third Street, LLC

                        By:    *s/Ira L.rman*
                               Ira L. Herman, Esq.
                               1271 Avenue of the Americas
                               New York, NY 10020
                               Telephone: (212) 885-5000
                               Email: Ira.Herman@blankrome.com


Dated: February 6. 2024          Gerstein Strauss & Rinaldi LLP
       New York, New York        Co-Counsel to Innovo Works LLC and
                                 Innovo Works 92 Third Street LLC

                        By:    *s/Eric S. Horowitz*

                               Eric S. Horowitz, Esq.
                               57 West 38th Street
                               New York, NY 10018
                               Telephone: (212) 398-7900
                               Email: Ira.Herman@blankrome.com


Dated: February 6, 2024          Klestadt Winters Jureller
                                 Southard & Stevens, LLP
                                 Co-Counsel to Innovo Works LLC and
                                 Innovo Works 92 Third Street LLC

                        By:    *s/Tracy L. Klestadt*

                               Tracy L. Klestadt, Esq.
                               200 West 41st Street, 17th Floor
                               New York, NY 10036
                               Telephone: (212) 972-3000
                        Email: tklestadt@klestadt.com

Dated: February 6. 2024
New York, New York

Clifford Chance US LLP
Counsel to Dearborn Capital Group LLC and
Oren Richland

By:    *s/Jon Newman*
    Jon Newman, Esq.
    31 West 52nd Street
    New York, New York 10019
    Telephone: (212)-878-3144
    Jon.Newman@cliffordchance.com

{60172190 }

155039.01000/134091077v.4

## SCHEDULES AND EXHIBITS

**Schedule 1(ii)**          **Schedule of expenses paid by Innovo**

**Exhibit A**          **Releases from Innovo, et al to Bond, et al**

**Exhibit B**          **Releases from Bond, et al to Innovo, et al.**

**Exhibit C**          **NDA/LOI**

**Exhibit D**          **Bond Existing Leases**

**Exhibit E**          **Releases from Innovo, et al to 92 Third Street**

**Exhibit F**          **Releases from 92 Third Street to Innovo, et al.**

## Expenses

| | |
|---|---:|
| Security | $750 |
| Ace Hardware | $162.66 |
| Ace Hardware | $189.77 |
| Ace Hardware | $127.11 |
| Beacon Hardware | $65.32 |
| Whole Foods | $91.79 |
| Con-Ed | $397 |
| Fresh Direct | $1,121.95 |
| Amazon | $87.08 |
| Fresh Direct | $538.24 |
| Amazon | $106.17 |
| Amazon | $326.29 |
| Amazon | $67.96 |
| Fresh Direct | $100.77 |
| Fresh Direct | $102.07 |
| Amazon | $93.64 |
| Amazon | $393.39 |
| Amazon | $67.44 |
| Fresh Direct | $389.02 |
| Marketing | $1,250 |
| Kisi Door System | $14,965.96 |
| Yardi | $2,000 |
| Legal | $7,500 |

**Total Expenses**          **$30,893.63**

# GENERAL RELEASE

*To all to whom these presents shall come or may concern, know that* COWORKRS, LLC d/b/a BOND COLLECTIVE, COWORKRS 55 BROADWAY, LLC, COWORKRS 3RD STREET LLC d/b/a BOND GOWANUS, BARUCH SINGER, SHLOMO SILBER and, ELIE DEITSCH (collectively, the "RELEASOR"), as RELEASOR, in exchange for Ten ($10.00) Dollars, and other good and valuable consideration received from HARRY SKYDELL, RACHEL SKYDELL a/k/a RACHEL COHEN a/k/a RACHEL COHEN SKYDELL, MARK KARASICK, MICHAEL SILBERBERG, OREN RICHLAND, JON NEWMAN, INNOVO WORKS 92 THIRD STREET LLC, INNOVO WORKS 55 BROADWAY LLC, INNOVO WORKS LLC, and DEARBORN CAPITAL GROUP LLC (collectively, the "RELEASEE"), the receipt whereof is hereby acknowledged, releases and discharges RELEASEE, and RELEASEE'S shareholders, members, attorneys, agents, employees, heirs, executors, shareholders, officers, directors, affiliates, administrators, legal representatives, attorneys, successors and assigns and any other individuals and entities acting on behalf of any of the RELEASEEES from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against the RELEASEE, the RELEASOR, and/or RELEASOR'S heirs, executors, administrators, shareholders, officers, directors, affiliates, successors and assigns ever had, now have or hereafter can, shall or may, have for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this RELEASE.

This release shall include, but not be limited to any claims raised and/or which could have been raised in the following matters:

1.    <u>In re: CoWorkrs 3rd Street, LLC</u>, United States Bankruptcy Court, Eastern District of New York, Case No. 2023BK44306;

2.    <u>In re: CoWorkrs 55 Broadway, LLC</u>, United States Bankruptcy Court, Eastern District of New York, Case No. 2023BK44307; and

3.    <u>CoWorkrs 3rd Street LLC d/b/a Bond Gowanus v. 92 Third Street LLC, et al</u>, United States Bankruptcy Court, Eastern District of New York, Adversary Proceeding Number 23-01113(ESS).

Electronic or facsimile copies of the signatures on this General Release shall be deemed originals for all purposes.

In witness whereof, RELEASOR has hereunto set RELEASOR'S hand and seal on this _1st_ day of December, 2023

In presence of:

COWORKRS, LLC d/b/a
BOND COLLECTIVE

By: _David Goldwasser, CRO_

COWORKRS 55 BROADWAY

By: _David Goldwasser, CRO_

COWORKRS 3RD STREET LLC d/b/a
BOND GOWANUS

By: _David Goldwasser, CRO_

_____
BARUCH SINGER

_____
SHLOMO SILBER

_____
ELIE DEITSCH

2

In witness whereof, RELEASOR has hereunto set RELEASOR'S hand and seal on this ___ day of December, 2023

In presence of:

COWORKRS, LLC d/b/a
BOND COLLECTIVE

COWORKRS 55 BROADWAY

_____
By:

_____
By:

COWORKRS 3RD STREET LLC d/b/a
BOND GOWANUS

_____
By:

_____
BARUCH SINGER

_____
SHLOMO SILBER

_____
ELIE DEITSCH

In witness whereof, RELEASOR has hereunto set RELEASOR'S hand and seal on this ___ day of December, 2023

In presence of:

COWORKRS, LLC d/b/a                          COWORKRS 55 BROADWAY
BOND COLLECTIVE


_____                    _____
By:                                          By:


COWORKRS 3RD STREET LLC d/b/a
BOND GOWANUS


_____                    _____
By:                                          BARUCH SINGER


_____                    _____
SHLOMO SILBER                                ELIE DEITSCH

2

In witness whereof, RELEASOR has hereunto set RELEASOR'S hand and seal on this ___ day of December, 2023

In presence of:

COWORKRS, LLC d/b/a
BOND COLLECTIVE

COWORKRS 55 BROADWAY

_____
By:

_____
By:

COWORKRS 3RD STREET LLC d/b/a
BOND GOWANUS

_____
By:

_____
BARUCH SINGER

_____
SHLOMO SILBER

_____
ELIE DEITSCH

2

STATE OF ~~NEW YORK~~ Florida )
                                        .ss:
COUNTY OF ~~NEW YORK~~ Broward )

On the 14th day of December, 2023, before me, the undersigned, personally appeared _____, personally known to me, or who proved to me on the basis of satisfactory evidence, to be the individual whose name is subscribed to the foregoing RELEASE and acknowledged to me that s/he executed the same in her/his capacity as _____ of COWORKRS 3RD STREET LLC d/b/a BOND GOWANUS, and that by her/his signature on said RELEASE, the individual, or the person upon behalf of which the individual acted, executed the
same.

_____
Notary Public

STATE OF NEW YORK )
                            .ss:
COUNTY OF NEW YORK )

On the ___ day of December, 2023, before me, the undersigned, a Notary Public in and for said State, personally appeared BARUCH SINGER, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

4

STATE OF ~~NEW YORK~~ Florida )

                       .ss:

COUNTY OF ~~NEW YORK~~ Broward )

On the 14ᵗʰ day of December, 2023, before me, the undersigned, personally appeared _____, personally known to me, or who proved to me on the basis of satisfactory evidence, to be the individual whose name is subscribed to the foregoing RELEASE and acknowledged to me that s/he executed the same in her/his capacity as _____ of COWORKRS, LLC d/b/a BOND COLLECTIVE, and that by her/his signature on said RELEASE, the individual, or the person upon behalf of which the individual acted, executed the same.



_____
Notary Public

STATE OF ~~NEW YORK~~ Florida )

                       .ss:

COUNTY OF ~~NEW YORK~~ Broward )

On the 14ᵗʰ day of December, 2023, before me, the undersigned, personally appeared _____, personally known to me, or who proved to me on the basis of satisfactory evidence, to be the individual whose name is subscribed to the foregoing RELEASE and acknowledged to me that s/he executed the same in her/his capacity as _____ of COWORKRS 55 BROADWAY, LLC, and that by her/his signature on said RELEASE, the individual, or the person upon behalf of which the individual acted, executed the same.

_____
Notary Public

STATE OF NEW YORK                )
                                 .ss:
COUNTY OF NEW YORK               )

   On the ___ day of December, 2023, before me, the undersigned, personally appeared _____, personally known to me, or who proved to me on the basis of satisfactory evidence, to be the individual whose name is subscribed to the foregoing RELEASE and acknowledged to me that s/he executed the same in her/his capacity as _____ of COWORKRS 3RD STREET LLC d/b/a BOND GOWANUS, and that by her/his signature on said RELEASE, the individual, or the person upon behalf of which the individual acted, executed the
same.

_____
      Notary Public

STATE OF NEW YORK                )
                                 .ss:
COUNTY OF NEW YORK               )

   On the _2_ day of December, 2023, before me, the undersigned, a Notary Public in and for said State, personally appeared BARUCH SINGER, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

LAUREN ADELE SANTANA
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01SA6295403
Qualified in Nassau County
Comm. Exp.: 2 / 14 / 26

_____
      Notary Public

4

STATE OF NEW YORK            )
                                            .ss:
COUNTY OF NEW YORK      )

On the $\underline{20}$ day of December, 2023, before me, the undersigned, a Notary Public in and for said State, personally appeared SHLOMO SILBER, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.



_____
                Notary Public

STATE OF NEW YORK            )
                                            .ss:
COUNTY OF NEW YORK      )

On the ___ day of December, 2023, before me, the undersigned, a Notary Public in and for said State, personally appeared ELIE DEITSCH, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
                Notary Public

STATE OF NEW YORK )
                                  .ss:
COUNTY OF NEW YORK )

On the ___ day of December, 2023, before me, the undersigned, a Notary Public in and for said State, personally appeared SHLOMO SILBER, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

STATE OF NEW YORK )
                        *NASSAU*         .ss:
COUNTY OF ~~NEW YORK~~ )

On the 20th day of December, 2023, before me, the undersigned, a Notary Public in and for said State, personally appeared ELIE DEITSCH, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

LUIS FABRICIO RUBIO
Notary Public - State of New York
NO. 01RU6284520
Qualified in Nassau County
My Commission Expires Aug 25, 2025

5